## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Marvin Aspen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 C 6439 | **DATE** | 2/29/2008 |
| **CASE TITLE** | Tatanina Evans vs. U.S. Postal | | |

**DOCKET ENTRY TEXT**

Because plaintiff has not demonstrated indigence, we are obligated to deny both her *in forma pauperis* application (Doc. No. 4) and motion for appointment of counsel. (Doc. No. 5). Evans did not file her complaint until November 13, 2007 – more than 250 days after receiving a Final Agency Decision on March 6,. We thus dismiss plaintiff's complaint as untimely.

■[ For further details see text below.]      Docketing to mail notices.

## STATEMENT

(Reserved for use by the Court)

### ORDER

    Plaintiff Tatanina S. Evans filed an application to proceed *in forma pauperis* and a motion for appointment of counsel. In the complaint, Evans alleges discrimination by her former employer, the U.S. Postal Service, on the basis of her sex and race in violation of Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981. Before granting leave to file *in forma pauperis*, we must first determine whether Evans is indigent. 28 U.S.C. § 1915(a)(1). We also review Evans' complaint and dismiss it if we find that: (1) it is frivolous or malicious; (2) it fails to state a claim under Rule 12(b)(6); or (3) it seeks damages from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(A), (B)(i)-(iii). Pursuant to Rule 12(b)(6), we dismiss the complaint if it lacks "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007). Because Evans proceeds *pro se*, we have a special responsibility to construe the complaint liberally. *See Donaldson v. Cook County Sheriff's Dep't*, 95 F.3d 548, 555 (7th Cir. 1996).

    Although Evans submitted a financial affidavit in support of her allegation of poverty, her affidavit is incomplete. While she responded to every other question, Evans neglected to provide information about her employment and salary, if any. (*See* IFP Application & Fin. Aff. ¶ 2.) We cannot assume that she is unemployed and/or that she falls under the poverty threshold for a four-person family. (*See* Health and Human Services 2008 Poverty Guidelines, setting the guideline at $21,200 for a four-person household). Because she has not demonstrated indigence, we are obligated to deny both her *in forma pauperis* application and motion for appointment of counsel.

    Moreover, after examining the allegations of Evans' complaint, we conclude that it fails to state a claim under Rule 12(b)(6). In Paragraph 7.2(2) of the complaint, Evans alleges that she received a Final Agency Decision on March 6, 2007 and that she attached a copy of that decision. The first attachment submitted with her complaint is a denial notice from the EEOC, informing her that the October 17, 2006 "decision in EEOC

**STATEMENT**

Appeal No. 01A63561 remains the Commission's final decision." (Docket No. 1, p. 6.) This attachment further notifies Evans that she has "the right to file a civil action . . . **within ninety (90) calendar days** from the date that you receive this decision," a deadline mandated by 42 U.S.C. § 2000e-16. (*Id.*) (emphasis in original). Evans did not file her complaint until November 13, 2007 – more than 250 days after receiving a Final Agency Decision on March 6. (Compl. ¶ 7.2(2).) We thus dismiss Evans' complaint as untimely. It is so ordered.